IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RICKY UPTON                                                                                            PLAINTIFF
ADC #116955

V.                                    NO: 5:09CV00083 JMM/HDY

ALVA GREEN *et al.*                                                                             DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the Tucker Maximum Security Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on March 12, 2009, alleging that Defendants have been deliberately indifferent to his serious medical needs. Defendants are Alva Green, Rita Odom, Juanita Stell, and Correctional Medical Services, Inc. ("CMS").

After a pre-jury evidentiary hearing on December 8, 2009, the Court entered an order holding in abeyance its determination of whether Plaintiff had presented enough evidence to proceed to jury trial, and giving the parties an opportunity to file motions for summary judgment (docket entry #40). On January 6, 2010, Defendants filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #45-#47). Plaintiff filed a response on February 10, 2010 (docket entry #50).

## I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff's complaint, and testimony at the hearing, he has been denied adequate health care for his ear pain and hernia.

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Defendants assert that they are entitled to summary judgment because Plaintiff has not exhausted his administrative remedies against any Defendant except for Odom, and because Plaintiff cannot demonstrate that Odom was deliberately indifferent to his serious medical needs.

*A. Exhaustion*

Citing Plaintiff's hearing testimony and his complaint, Defendants assert that the only grievance Plaintiff exhausted was MX-08-1717.[1] The only Defendant mentioned in that grievance is Odom. Defendants therefore assert that Plaintiff's claims against all Defendants except Odom should be dismissed. The Prison Litigation Reform Act "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and if not, dismissal of the complaint is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). Additionally, proper exhaustion is determined by the prison's grievance procedure. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Despite instructions on the grievance form itself indicating that the statement must be specific as to, among other things, the "personnel involved," Plaintiff failed to even mention any other Defendant. Accordingly, Defendants Green, Stell, and CMS, are entitled to summary judgment based on Plaintiff's failure to

---

[1] Plaintiff says in his complaint that other grievances have not been exhausted, but that grievance MX-08-1717 has been fully exhausted, and "is the only grievance the Plaintiff is using to cite his claims" (docket entry #2, pages #6-#7).

exhaust his administrative remedies with respect to his claims against them.

*B. Defendant Odom*

Plaintiff did name Defendant Odom in his exhausted grievance, wherein he complained of the care she provided on October 23, 2008. Odom maintains that she is nevertheless entitled to summary judgment because she was not deliberately indifferent to Plaintiff's serious medical needs. Medical records Defendants submitted with their motion indicate that Plaintiff was initially seen on October 7, 2008, for chest pain, headaches, and blurred vision. Plaintiff noted at that time that he had a hernia and holes in his ears. A licensed practical nurse noted that Plaintiff was "already on" to see a physician. Odom, an advanced practice nurse, first saw Plaintiff on October 23, 2008, when she evaluated his complaints of a hernia, and request for surgery. Odom noted a left inguinal hernia that was small and reducible. Odom also noted that Plaintiff was in no acute distress, was able to walk, stand, and sit, comfortably, and that no surgical intervention was needed at the time. Although Odom did not address Plaintiff's ear problems, Plaintiff asserts that he did tell her about it, but that she would only address one issue at a time (docket entry #50). Plaintiff had no further contact with Odom about either his hernia or ear problems. Plaintiff did not request any further treatment of his hernia after his visit with Odom. Although Plaintiff did seek further treatment for his ear, his request was not made until December 12, 2008, and Odom was not involved in that encounter. In his response to Defendants' motion for summary judgment, Plaintiff makes a general allegation that he is still being denied appropriate ear treatment, but has offered no evidence that Odom has even been made aware of an ongoing problem. Without more evidence of Odom's awareness of a serious ear problem, and her failure to address it, no reasonable jury could conclude that Odom was deliberately indifferent to Plaintiff's serious medical needs. At most, Odom was negligent in her assessment that

5

Plaintiff's hernia did not need more aggressive treatment, and in refusing to treat more than one condition at a time. Accordingly, Odom is entitled to summary judgment.

If in fact Plaintiff has ongoing issues with either his ear or hernia, this result does not leave him without an avenue to seek relief. It simply means that he must first administratively exhaust his claims against those whom he asserts are acting or have acted with deliberate indifference to his serious medical needs. In this case, Odom is the only Defendant against whom he has exhausted those administrative remedies and he cannot utilize that exhaustion process to pursue claims against other individuals. Finally, as described above, Plaintiff's single encounter with Odom on October 23, 2008, fails to demonstrate that genuine issues of material fact remain with regard to his claim that Odom acted with deliberate indifference.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #45) be GRANTED.

2. Plaintiff's claims against Alva Green, Juanita Stell, and Correctional Medical Services, Inc., be DISMISSED WITHOUT PREJUDICE.

3. Plaintiff's claims against Rita Odom be DISMISSED WITH PREJUDICE.

DATED this __8__ day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE